JS 44 (Rev. 12/12)

# CIVIL COVER SHEET

The JS 44 civil cover sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law, except as provided by local rules of court. This form, approved by the Judicial Conference of the United States in September 1974, is required for the use of the Clerk of Court for the purpose of initiating the civil docket sheet. *(SEE INSTRUCTIONS ON NEXT PAGE OF THIS FORM.)*

## I. (a) PLAINTIFFS
WILLIAM WASKEY

### DEFENDANTS
BAIN'S DELI CORPORATION, BAIN'S NATIONAL LLC and JEFFREY JOLLES

(b) County of Residence of First Listed Plaintiff    Collier County, FL
*(EXCEPT IN U.S. PLAINTIFF CASES)*

County of Residence of First Listed Defendant    Philadelphia, PA
*(IN U.S. PLAINTIFF CASES ONLY)*
NOTE: IN LAND CONDEMNATION CASES, USE THE LOCATION OF THE TRACT OF LAND INVOLVED.

(c) Attorneys *(Firm Name, Address, and Telephone Number)*
Krishna B. Narine, Meredith & Narine
100 S. Broad St. Suite 905
Philadelphia, PA 19110 Tel. 215-564-5182

Attorneys *(If Known)*

## II. BASIS OF JURISDICTION *(Place an "X" in One Box Only)*

- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question *(U.S. Government Not a Party)*
- ☒ 4 Diversity *(Indicate Citizenship of Parties in Item III)*

## III. CITIZENSHIP OF PRINCIPAL PARTIES *(Place an "X" in One Box for Plaintiff and One Box for Defendant)*
*(For Diversity Cases Only)*

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☒ 1 | Incorporated or Principal Place of Business In This State | ☐ 4 | ☒ 4 |
| Citizen of Another State | ☒ 2 | ☐ 2 | Incorporated and Principal Place of Business In Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

## IV. NATURE OF SUIT *(Place an "X" in One Box Only)*

| CONTRACT | TORTS | | FORFEITURE/PENALTY | BANKRUPTCY | OTHER STATUTES |
|---|---|---|---|---|---|
| ☐ 110 Insurance | PERSONAL INJURY | PERSONAL INJURY | ☐ 625 Drug Related Seizure of Property 21 USC 881 | ☐ 422 Appeal 28 USC 158 | ☐ 375 False Claims Act |
| ☐ 120 Marine | ☐ 310 Airplane | ☐ 365 Personal Injury - Product Liability | ☐ 690 Other | ☐ 423 Withdrawal 28 USC 157 | ☐ 400 State Reapportionment |
| ☐ 130 Miller Act | ☐ 315 Airplane Product Liability | ☐ 367 Health Care/ Pharmaceutical Personal Injury Product Liability | | | ☐ 410 Antitrust |
| ☐ 140 Negotiable Instrument | ☐ 320 Assault, Libel & Slander | | | PROPERTY RIGHTS | ☐ 430 Banks and Banking |
| ☐ 150 Recovery of Overpayment & Enforcement of Judgment | ☐ 330 Federal Employers' Liability | | | ☐ 820 Copyrights | ☐ 450 Commerce |
| ☐ 151 Medicare Act | ☐ 340 Marine | ☐ 368 Asbestos Personal Injury Product Liability | | ☐ 830 Patent | ☐ 460 Deportation |
| ☐ 152 Recovery of Defaulted Student Loans (Excludes Veterans) | ☐ 345 Marine Product Liability | | LABOR | ☐ 840 Trademark | ☐ 470 Racketeer Influenced and Corrupt Organizations |
| ☐ 153 Recovery of Overpayment of Veteran's Benefits | ☐ 350 Motor Vehicle | PERSONAL PROPERTY | ☐ 710 Fair Labor Standards Act | SOCIAL SECURITY | ☐ 480 Consumer Credit |
| ☐ 160 Stockholders' Suits | ☐ 355 Motor Vehicle Product Liability | ☐ 370 Other Fraud | ☐ 720 Labor/Management Relations | ☐ 861 HIA (1395ff) | ☐ 490 Cable/Sat TV |
| ☒ 190 Other Contract | ☐ 360 Other Personal Injury | ☐ 371 Truth in Lending | ☐ 740 Railway Labor Act | ☐ 862 Black Lung (923) | ☐ 850 Securities/Commodities/ Exchange |
| ☐ 195 Contract Product Liability | ☐ 362 Personal Injury - Medical Malpractice | ☐ 380 Other Personal Property Damage | ☐ 751 Family and Medical Leave Act | ☐ 863 DIWC/DIWW (405(g)) | ☐ 890 Other Statutory Actions |
| ☐ 196 Franchise | | ☐ 385 Property Damage Product Liability | ☐ 790 Other Labor Litigation | ☐ 864 SSID Title XVI | ☐ 891 Agricultural Acts |
| | | | ☐ 791 Employee Retirement Income Security Act | ☐ 865 RSI (405(g)) | ☐ 893 Environmental Matters |
| REAL PROPERTY | CIVIL RIGHTS | PRISONER PETITIONS | | FEDERAL TAX SUITS | ☐ 895 Freedom of Information Act |
| ☐ 210 Land Condemnation | ☐ 440 Other Civil Rights | Habeas Corpus: | | ☐ 870 Taxes (U.S. Plaintiff or Defendant) | ☐ 896 Arbitration |
| ☐ 220 Foreclosure | ☐ 441 Voting | ☐ 463 Alien Detainee | | ☐ 871 IRS—Third Party 26 USC 7609 | ☐ 899 Administrative Procedure Act/Review or Appeal of Agency Decision |
| ☐ 230 Rent Lease & Ejectment | ☐ 442 Employment | ☐ 510 Motions to Vacate Sentence | | | ☐ 950 Constitutionality of State Statutes |
| ☐ 240 Torts to Land | ☐ 443 Housing/ Accommodations | ☐ 530 General | IMMIGRATION | | |
| ☐ 245 Tort Product Liability | ☐ 445 Amer. w/Disabilities - Employment | ☐ 535 Death Penalty | ☐ 462 Naturalization Application | | |
| ☐ 290 All Other Real Property | ☐ 446 Amer. w/Disabilities - Other | Other: | ☐ 465 Other Immigration Actions | | |
| | ☐ 448 Education | ☐ 540 Mandamus & Other | | | |
| | | ☐ 550 Civil Rights | | | |
| | | ☐ 555 Prison Condition | | | |
| | | ☐ 560 Civil Detainee - Conditions of Confinement | | | |

## V. ORIGIN *(Place an "X" in One Box Only)*

☒ 1 Original Proceeding    ☐ 2 Removed from State Court    ☐ 3 Remanded from Appellate Court    ☐ 4 Reinstated or Reopened    ☐ 5 Transferred from Another District *(specify)*    ☐ 6 Multidistrict Litigation

## VI. CAUSE OF ACTION
Cite the U.S. Civil Statute under which you are filing *(Do not cite jurisdictional statutes unless diversity)*:
28 U.S.C. § 1332

Brief description of cause:
Breach of Contract and Unjust Enrichment

## VII. REQUESTED IN COMPLAINT:
☐ CHECK IF THIS IS A CLASS ACTION UNDER RULE 23, F.R.Cv.P.

DEMAND $ 78,750.00

CHECK YES only if demanded in complaint:
JURY DEMAND: ☒ Yes    ☐ No

## VIII. RELATED CASE(S) IF ANY
*(See instructions):*
JUDGE _____ DOCKET NUMBER _____

DATE: 01/11/2016
SIGNATURE OF ATTORNEY OF RECORD: *[signature]*

**FOR OFFICE USE ONLY**

RECEIPT # _____ AMOUNT _____ APPLYING IFP _____ JUDGE _____ MAG. JUDGE _____

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

**CASE MANAGEMENT TRACK DESIGNATION FORM**

| | | |
|---|---|---|
| WILLIAM WASKEY | : | CIVIL ACTION |
| v. | : | |
| BAIN'S DELI CORPORATION, BAIN'S NATIONAL LLC and JEFFREY JOLLES | : | NO. |

In accordance with the Civil Justice Expense and Delay Reduction Plan of this court, counsel for plaintiff shall complete a Case Management Track Designation Form in all civil cases at the time of filing the complaint and serve a copy on all defendants. (See § 1:03 of the plan set forth on the reverse side of this form.)  In the event that a defendant does not agree with the plaintiff regarding said designation, that defendant shall, with its first appearance, submit to the clerk of court and serve on the plaintiff and all other parties, a Case Management Track Designation Form specifying the track to which that defendant believes the case should be assigned.

**SELECT ONE OF THE FOLLOWING CASE MANAGEMENT TRACKS:**

(a) Habeas Corpus – Cases brought under 28 U.S.C. § 2241 through § 2255.    ( )

(b) Social Security – Cases requesting review of a decision of the Secretary of Health and Human Services denying plaintiff Social Security Benefits.    ( )

(c) Arbitration – Cases required to be designated for arbitration under Local Civil Rule 53.2.    ( )

(d) Asbestos – Cases involving claims for personal injury or property damage from exposure to asbestos.    ( )

(e) Special Management – Cases that do not fall into tracks (a) through (d) that are commonly referred to as complex and that need special or intense management by the court. (See reverse side of this form for a detailed explanation of special management cases.)    ( )

(f) Standard Management – Cases that do not fall into any one of the other tracks.    (X)

| | | |
|---|---|---|
| 1/11/16 | Krishna Narine | Plaintiff |
| **Date** | **Attorney-at-law** | **Attorney for** |
| 215-564-5182 | 267-687-1628 | knarine@m-npartners.com |
| **Telephone** | **FAX Number** | **E-Mail Address** |

(Civ. 660) 10/02

# UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA — DESIGNATION FORM to be used by counsel to indicate the category of the case for the purpose of assignment to appropriate calendar.

Address of Plaintiff: 11770 Quail Village Way, Naples, FL 34119

Address of Defendant: 604 South Washington Square, Hopkinson House Apt. 2514, Philadelphia, Pennsylvania 19106

Place of Accident, Incident or Transaction: Pennsylvania and Florida
*(Use Reverse Side For Additional Space)*

Does this civil action involve a nongovernmental corporate party with any parent corporation and any publicly held corporation owning 10% or more of its stock?
(Attach two copies of the Disclosure Statement Form in accordance with Fed.R.Civ.P. 7.1(a))    Yes☐   No☒

Does this case involve multidistrict litigation possibilities?    Yes☐   No☒

RELATED CASE, IF ANY:
Case Number: _____ Judge: _____ Date Terminated: _____

Civil cases are deemed related when yes is answered to any of the following questions:

1. Is this case related to property included in an earlier numbered suit pending or within one year previously terminated action in this court?   Yes☐   No☒
2. Does this case involve the same issue of fact or grow out of the same transaction as a prior suit pending or within one year previously terminated action in this court?   Yes☐   No☒
3. Does this case involve the validity or infringement of a patent already in suit or any earlier numbered case pending or within one year previously terminated action in this court?   Yes☐   No☒
4. Is this case a second or successive habeas corpus, social security appeal, or pro se civil rights case filed by the same individual?   Yes☐   No☒

CIVIL: (Place ✔ in ONE CATEGORY ONLY)

A. *Federal Question Cases*:
1. ☐ Indemnity Contract, Marine Contract, and All Other Contracts
2. ☐ FELA
3. ☐ Jones Act-Personal Injury
4. ☐ Antitrust
5. ☐ Patent
6. ☐ Labor-Management Relations
7. ☐ Civil Rights
8. ☐ Habeas Corpus
9. ☐ Securities Act(s) Cases
10. ☐ Social Security Review Cases
11. ☐ All other Federal Question Cases
(Please specify) _____

B. *Diversity Jurisdiction Cases*:
1. ☒ Insurance Contract and Other Contracts
2. ☐ Airplane Personal Injury
3. ☐ Assault, Defamation
4. ☐ Marine Personal Injury
5. ☐ Motor Vehicle Personal Injury
6. ☐ Other Personal Injury (Please specify)
7. ☐ Products Liability
8. ☐ Products Liability — Asbestos
9. ☐ All other Diversity Cases
(Please specify) _____

## ARBITRATION CERTIFICATION
*(Check Appropriate Category)*
I, _____, counsel of record do hereby certify:
☐ Pursuant to Local Civil Rule 53.2, Section 3(c)(2), that to the best of my knowledge and belief, the damages recoverable in this civil action case exceed the sum of $150,000.00 exclusive of interest and costs;
☐ Relief other than monetary damages is sought.

DATE: _____    Attorney-at-Law    Attorney I.D.#
NOTE: A trial de novo will be a trial by jury only if there has been compliance with F.R.C.P. 38.

I certify that, to my knowledge, the within case is not related to any case now pending or within one year previously terminated action in this court except as noted above.

DATE: 1/11/2016    Attorney-at-Law    52238
                                     Attorney I.D.#

CIV. 609 (5/2012)

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| WILLIAM WASKEY<br><br>        Plaintiff<br>v.<br><br>BAIN'S DELI CORPORATION, BAIN'S<br>NATIONAL LLC and JEFFREY JOLLES<br><br>        Defendants | CIVIL ACTION NO.:<br><br>JURY TRIAL DEMANDED |

## COMPLAINT

William Waskey brings this action against Defendants Bain's National LLC and Jeffrey Jolles and for its Complaint alleges as follows:

### PARTIES

1. William Waskey ("Waskey") is a resident of the State of Florida.

2. Defendant Bain's National LLC ("Bain's National") is a Pennsylvania limited liability company with offices at 604 South Washington Square, Hopkinson House Apt. 2514, Philadelphia, Pennsylvania 19106.

3. Bain's Deli Corporation ("Bain's Deli") is a Pennsylvania corporation with offices at 604 South Washington Square, Hopkinson House Apt. 3002, Philadelphia, Pennsylvania 19106

4. Defendant Jeffrey Jolles ("Jolles") is the owner of Bain's National and Bain's Deli (together referred to as "Bain's") and is a resident of the Commonwealth of Pennsylvania.

## JURISDICTION AND VENUE

5. The Court has subject matter jurisdiction over this case pursuant to 28 U.S.C. § 1332 because the parties are citizens of different states (e.g., Florida for Plaintiff and Pennsylvania for Defendants), and the amount at issue exceeds $75,000.00, exclusive of interest and costs.

6. The Court also has personal jurisdiction over the parties because Defendants systematically and continually conducts business here. Accordingly, the Court has both general and specific personal jurisdiction over this case.

7. Venue is proper in this District pursuant to 28 U.S.C. §1391 because a substantial part of the events giving rise to Plaintiffs' claims occurred in this district, a substantial part of property that is the subject of the action is situated in this district and a substantial portion of the affected interstate trade and commerce described below has been carried out in this district.

## FACTS

8. Defendants Bain's and Jeffrey Jolles are in the business of operating and franchising delicatessens known as Bain's Deli stores.

9. During June of 2010, Plaintiff Waskey entered into an agreement with Defendant Bain's Deli and Jeffrey Jolles. Pursuant to this agreement, Waskey invested seventy-five thousand dollars ($75,000.00) in Bain's with the understanding that annually he would be paid ten percent (10%) of his investment or $7,500.00 as the return on his investment, such payments to be made monthly in the amount of six hundred twenty-five dollars ($625.00). In addition, Waskey would be entitled to receive ten percent (10%) of the proceeds from the sale of any new Bain's franchise as well as ten percent (10%) of the franchise royalties from any such sale. In

the event that Bain's Deli was sold, Waskey would be entitled to receive ten percent (10%) of the proceeds of the sale or seventy-five thousand dollars, ($75,000.00), whichever was greater.

10. At some point after June of 2010, Waskey lost his copy of that agreement. On March 4, 2013, Waskey, Jolles and Bain's National executed an agreement that replaced the 2010 agreement. Waskey's 2013 agreement with Jolles and Bain's National is substantially similar to the 2010 agreement, the only difference being that Bain's National replaced Bain's Deli. Waskey did not invest any additional money and the payment terms remained the same as in the 2010 agreement. A copy of the 2013 agreement is attached hereto as Exhibit A.

11. Starting in June of 2010, Bain's Deli paid Waskey six hundred twenty-five dollars ($625.00) per month. After March 2013, Bain's National continued to make the six hundred twenty-five dollars ($625.00) per month payments to Waskey until June 19, 2015 when it ceased making payments.

12. In July of 2015, Waskey sent Jolles an email inquiring about the status of the outstanding payment. He received no reply.

13. During August of 2015, Waskey contacted Jolles to demand payment of the unpaid monthly payments and the return of his initial investment. Jolles indicated that he would need to find another investor before he could pay Waskey.

14. Bain's and Jolles have not made any additional payments to Waskey, nor returned his initial seventy-five thousand dollar ($75,000.00) investment.

15. Due to Defendants Bain's and Jolles' failure to perform under the agreement and to make the required payments, Plaintiff is owed and is entitled to return of his initial seventy-five thousand dollar ($75,000.00) investment and all unpaid monthly amounts.

### Count I

## Fraudulent Misrepresentation-Fraud in the Inducement

16.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length.

17.     Defendants Bain's and Jolles fraudulently induced Plaintiff to invest seventy-five thousand dollars ($75,000.00) with the understanding that Plaintiff would be paid annually he would be paid ten percent (10%) of his investment or $7,500.00 as the return on his investment, such payments to be made monthly in the amount of six hundred twenty-five dollars ($625.00). In addition, Bain's and Jolles agreed to pay Waskey ten percent (10%) of the proceeds from the sale of any new Bain's franchise as well as ten percent (10%) of the franchise royalties from any such sale. Further, Bain's agreed to pay Waskey ten percent (10%) of the proceeds of the sale Bain's or seventy-five thousand dollars, ($75,000.00), whichever was greater.

18.     Upon information and belief, Defendants entered into this agreement to obtain operating capital while it attempted to sell the company or additional Bain's franchises. When it became apparent that Bain's would not be able to sell either franchises or the company, Defendants ceased making payments to Plaintiff under the agreement.

19.     Bain's and Jolles induced Plaintiff to give them money by fraudulently misrepresenting that they would pay interest on that money in the amount of ten percent (10%) per year, without regard to whether they sold additional franchises or the company.

20.     Plaintiff Waskey relied to his detriment on the Defendants' fraudulent misrepresentation, and entered into the agreement and provided the seventy-five thousand dollars ($75,000.00) under its terms.

21.     Defendants' fraudulent misrepresentation has caused damages to Plaintiff in an amount to be determined by the trier of fact, but in excess of the jurisdictional minimum under the diversity statute.

## Count II

## Breach of Contract

22.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length.

23.     Plaintiff invested seventy-five thousand dollars, ($75,000.00) in Bain's pursuant to the terms of the agreement attached hereto as Exhibit A.

24.     The terms of the agreement require Defendants to pay Plaintiff a return on his investment on a monthly basis.

25.     Bain's and Jolles' failure to make monthly payments to Plaintiff after June 2015 is a breach of contract.

26.     Defendants' breach of contract has caused damages to Plaintiff in an amount to be determined by the trier of fact, but in excess of the jurisdictional minimum under the diversity statute.

## Count III

## Unjust Enrichment/Quasi Contract

26.     Plaintiff incorporates by reference the preceding paragraphs of this Complaint as if set forth at length.

27.     Bain's and Jolles have had the use and availability of Waskey's money since June of 2010.

28.     Bain's and Jolles have not repaid Waskey an amount equal to or more than his seventy-five thousand dollar ($75,000.00) investment.

29.     Bain's and Jolles have been unjustly enriched by failing to repay Waskey an amount an amount equal to or more than his seventy-five thousand dollar ($75,000.00) investment.

30.     Bain's and Jolles' unjust enrichment has caused damages to Plaintiff in an amount to be determined by the trier of fact, but in excess of the jurisdictional minimum under the diversity statute.

WHEREFORE, Plaintiff prays that judgment be rendered in its favor awarding it:

a.  Actual damages of at least amount of seventy-eight thousand seven hundred fifty dollars ($78,750.00) and any other amounts determined by the trier of fact;

b.  Punitive damages:

c.  Its reasonable and necessary attorneys' fees;

d.  Its costs of court; and

e.  Such other and further relief as to which Plaintiff may be justly entitled and may be supported by the evidence in this case.

Dated:                                          Respectfully submitted,

*/s/ Krishna B. Narine*
Krishna B. Narine
**Meredith & Narine**
100 S. Broad St.
Suite 905
Philadelphia, PA 19110
Phone: 215-564-5182
Fax: 215-569-0958
knarine@m-npartners.com

# EXHIBIT A

# Agreement

March 1, 2013

## Background

Bain's National is in the business of franchising Bain's Deli stores. William Waskey has invested $75,000.00 with Bain's. In return for his investment Waskey will receive 10% on his investment on a monthly basis. In addition Waskey will receive 10% of the proceeds of any sale of any new franchise that is sold along with 10% of the proceeds of new franchise royalties generated by such sales. If the company is sold Waskey will receive 10% of the proceeds or $75,000.00 whichever is greater.


William Waskey

_William Waskey_  3/4/2013


Bain's National LLC

Jeffrey Jolles

_Jeffrey Jolles_  3/4/13